**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0598n.06
Filed: October 2, 2008

**No. 07-1630**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JOANNE ANDERSON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| POSTMASTER GENERAL, UNITED | ) | EASTERN DISTRICT OF MICHIGAN |
| STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: MOORE, COOK, Circuit Judges; and HOOD, District Judge.[*]

COOK, Circuit Judge. Plaintiff JoAnn[1] Anderson, a fifty-seven-year-old African-American female, filed this Title VII suit against her employer, defendant John Potter, Postmaster General of the United States Postal Service (the "Postal Service"). Anderson alleges that the Postal Service discriminated and retaliated against her on the basis of race, sex, age, and prior Equal Employment Opportunity ("EEO") complaints, and subjected her to a hostile work environment. In a thorough opinion addressing Anderson's numerous factual contentions, the district court concluded that Anderson failed to articulate a prima facie case for any of her claims, and granted summary judgment for the Postal Service. Having reviewed the briefs and record, we reach the same conclusion.

_____

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

[1]The official case caption misspells JoAnn Anderson's first name.

No. 07-1630
*Anderson v. Postmaster General*

Because a separate opinion would serve no jurisprudential purpose, we affirm the court's judgment,

adopting its analysis.

**KAREN NELSON MOORE, Circuit Judge, concurring in the judgment.** I concur in the judgment, on the ground that summary judgment is appropriate because Anderson has failed to show a genuine issue that the defendant's asserted legitimate nondiscriminatory reasons for its actions were pretextual. Moreover, Anderson has failed to allege sufficient facts to show a genuine issue regarding the existence of an actionable hostile-work-environment claim.